**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| SHARON LANG WILLIAMS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00290-JB-B |
| | * |
| ANDREW M. SAUL, | * |
| Commissioner of Social | * |
| Security, | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Sharon Lang Williams' Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"), and Defendant's response thereto. (Docs. 20, 23). The motion has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of the pertinent pleadings, the undersigned finds that Plaintiff's motion is due to be **GRANTED in part** and **DENIED in part,** and that Plaintiff is entitled to a reasonable attorney's fee award under the EAJA in the amount of **$3,551.45** for legal services rendered by her attorney in this Court, with said sum payable directly to Plaintiff.

I.  **BACKGROUND**

Plaintiff commenced this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of

Social Security denying her application for a period of disability and disability insurance benefits. (Doc. 1). On January 28, 2020, Defendant filed an Unopposed Motion for Remand, asserting that this matter should be remanded to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 16). After the undersigned entered a report and recommendation that Defendant's Unopposed Motion for Remand be granted (Doc. 17), the District Judge entered an order and a judgment on January 31, 2020, reversing and remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and finding that Plaintiff is the prevailing party for purposes of the EAJA. (Docs. 18, 19).

Plaintiff timely filed a motion requesting attorney's fees under the EAJA in the amount of $3,551.45. (Doc. 20). Plaintiff attached to her motion a Limited Power of Attorney authorizing any payment under the EAJA to be made payable directly to Plaintiff's attorney. (Doc. 20-2). Defendant filed a response to Plaintiff's motion. (Doc. 23). In the response, Defendant states that the Commissioner has no objection to the payment of $3,551.45 to Plaintiff under the EAJA for legal services rendered by her attorney in this Court. (Id. at 1). However, the Commissioner objects to the assignment of Plaintiff's EAJA fee award to her

counsel and requests that the EAJA fees be made payable only to Plaintiff, not her attorney. (Id. at 1-3). The motion is now ripe for review.

**II. DISCUSSION**

    **A. Hourly Rate.**

The EAJA "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." Meyer v. Sullivan, 958 F.2d 1029, 1033 (11th Cir. 1992). The first step "is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" Id. (quoting Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). The second step, which is required only if the market rate exceeds the statutory cap of $125 per hour, is for the Court to determine whether to "adjust the hourly fee upward from [$125] to take into account an increase in the cost of living, or a special factor." Id. at 1033-34.

In Lucy v. Astrue, 2007 U.S. Dist. LEXIS 97094, at *13 (S.D. Ala. July 5, 2007), this Court adopted the following formula, based on the Consumer Price Index ("CPI"), for use in calculating all future awards of attorney's fees under the EAJA: "($ 125/hour) x (CPI-U Annual Average 'All Items Index', South Urban, for month

3

and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U [for South Urban] of March 1996, the month and year in which the $125 cap was enacted." Id. at *13 (record citation and internal quotation marks omitted). The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's order and judgment. Id. at *5-6. In this case, Plaintiff's complaint was filed on June 13, 2019, and the District Judge's order and judgment were entered on January 31, 2020; thus, the temporal midpoint falls in October 2019. The relevant South Urban CPI-U for October 2019 was 247.423. Applying the Lucy formula in this case ($125 x 247.423/152.4) yields an hourly rate of $202.94. Plaintiff has requested the rate of $202.94 (Doc. 20 at 1), and the undersigned finds the requested hourly rate to be reasonable and the appropriate hourly rate in this case.

**B. Hours Expended.**

With regard to the reasonableness of the hours claimed by Plaintiff's attorney, "[t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. "[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in

4

which it might theoretically have been done." Id. at 1306. Courts should exclude from the fee calculation hours that were not reasonably expended, including "hours that are excessive, redundant, or otherwise unnecessary[.]" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). "The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quotation omitted).

In this case, the undersigned finds that 17.50 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court. Plaintiff has attached to the motion a time sheet detailing the description of work performed, the time expended, and the dates on which the work was performed. (Doc. 20-1). The undersigned has reviewed this document and has considered the circumstances presented, as well as the usual number of hours billed by attorneys in similar actions. See, e.g., Clausell v. Astrue, 2012 U.S. Dist. LEXIS 167856, at *7, 2012 WL 5933025, at *2 (S.D. Ala. Nov. 27, 2012) (awarding attorney fees under the EAJA and finding 19.2 hours of attorney time in a social security case to be reasonable); Carter v. Astrue, 2012 U.S. Dist. LEXIS 132089, at *4-5, 2012 WL 4077289, at *2 (M.D. Fla. Sept. 17,

2012) (finding fourteen hours of attorney time in a social security case to be reasonable). Thus, considering 17.50 hours of work performed at a rate of $202.94 per hour, Plaintiff is entitled to the requested attorney's fees of $3,551.45.

**C. EAJA Fees Payable to Plaintiff.**

Also at issue is whether the fees awarded under the EAJA should be paid directly to Plaintiff or to Plaintiff's attorney. Although the Commissioner has no objection to Plaintiff's requested fee award under the EAJA, he "requests that any order specify that the fees are made payable only to Plaintiff, and not to her attorney." (Doc. 23 at 1). The assignment at issue is found in the Limited Power of Attorney[1] attached to Plaintiff's attorney's fee motion. The document reads, in relevant part, as follows:

> I, the undersigned disability claimant, do hereby make, constitute and appoint Byron A. Lassiter my true and lawful Attorney, for me and in my name, place and stead and for my use and benefit to:
>
> **1)** Endorse all checks made out to me from the United States Government regarding any settlement fees and costs pursuant to the Equal Access To Justice Act (EAJA) in the matter of my court case against the Commissioner of Social Security; and
>
> **2)** Apply to the government and/or court to have any such settlement checks made payable directly to Byron A.

---

[1] The Limited Power of Attorney is dated June 12, 2019. (See Doc. 20-2).

6

> Lassiter and sent directly to Byron A. Lassiter's address.

(Doc. 20-2). The Commissioner claims that this provision runs afoul of the Anti-Assignment Act, 31 U.S.C. § 3727, and is invalid. (Doc. 23 at 2). The Commissioner further contends that Astrue v. Ratliff, 560 U.S. 586 (2010), requires the payment of EAJA fees to Plaintiff and not Plaintiff's attorney. (Doc. 23 at 1).

In Ratliff, the Supreme Court considered whether an award of "fees and other expenses" to a "prevailing party" under the EAJA is payable to the litigant or to the litigant's attorney. 560 U.S. at 589. The Court made clear that an EAJA "fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Id.; see 28 U.S.C. 2412(d)(1)(A). This was already the law in the Eleventh Circuit. In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit explained that the EAJA "unambiguously directs the award of attorney's fees to the party who incurred those fees and not to the party's attorney." Id. at 735. Although Ratliff held that an award of attorney's fees under the EAJA is payable to the prevailing party, that case does not explicitly prohibit the assignment of fees awarded under the EAJA. See Ratliff, 560 U.S. at 597.

However, "[a]n assignment of EAJA fees must satisfy the Anti-

Assignment Act, 31 U.S.C. § 3727, because these fees are awarded against the United States." Burnett v. Comm'r of Soc. Sec., 2017 U.S. Dist. LEXIS 165799, at *4, 2017 WL 4476506, at *2 (M.D. Fla. Oct. 6, 2017). The Anti-Assignment Act states:

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b). "An assignment that does not meet these conditions is not valid, and is voidable at the government's discretion." Meola v. Comm'r of Soc. Sec., 2012 U.S. Dist. LEXIS 132091, at *5, 2012 WL 4077874, at *2 (M.D. Fla. Sept. 17, 2012) (citing Delmarva Power & Light Co. v. United States, 542 F.3d 889, 893-94 (Fed. Cir. 2008); Cadwalder v. United States, 45 F.3d 297, 299 (9th Cir. 1995)); see also Burnett, 2017 U.S. Dist. LEXIS 165799, at *5, 2017 WL 4476506, at *2 ("[A]n assignment executed before a court determines EAJA fees is invalid under the Anti-Assignment Act and voidable at the government's discretion.") (citations omitted); Frizzo v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 68200, at *3, 2018 WL 1858199, at *1 (M.D. Fla. Mar. 16,

2018) ("Thus, an assignment made prior to the award of attorneys' fees necessarily violates the Anti-Assignment Act because the claim has not been allowed, the amount of the claims has not been decided, and a warrant for the claim has not been issued.") (citation omitted).

Here, to the extent the Limited Power of Attorney attached to Plaintiff's attorney's fee motion can be considered an assignment of Plaintiff's EAJA fees to her counsel, it is not an effective assignment because it was executed *prior* to the award of EAJA fees, and the Commissioner has exercised his discretion to reject the assignment of Plaintiff's EAJA fees. See Napier v. Colvin, 2014 U.S. Dist. LEXIS 89291, at *2-3, 2014 WL 2960976, at *1 (S.D. Ala. July 1, 2014).

> In light of Ratliff, [the best] practice [is] to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. The Court leaves it to the discretion of the Commissioner to determine whether to honor [any] assignment of EAJA fees.

Id., 2014 U.S. Dist. LEXIS 89291, at *3 n.1, 2014 WL 2960976, at *1 n.1 (citation and internal quotation marks omitted); Blackwell v. Colvin, 2015 U.S. Dist. LEXIS 23070, at *8-9 n.4, 2015 WL 846423, at *3 n.4 (S.D. Ala. Feb. 26, 2015) (same).

## III. CONCLUSION

Upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 20) be **GRANTED in part** and **DENIED in part**, as follows:

(1) The motion is due to be **GRANTED** to the extent that the Court awards EAJA attorney's fees to Plaintiff in the amount of **$3,551.45,** with the fee award made directly to Plaintiff.

(2) In all other respects, the motion is due to be **DENIED**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **12th** day of **May, 2020.**

                                       **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**