IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON LANG WILLIAMS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00290-JB-B |
| | * |
| KILOLO KIJAKAZI[1], | * |
| Acting Commissioner of | * |
| Social Security, | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This action is before the undersigned Magistrate Judge on Petitioner Byron A. Lassiter Esq.'s Motion for Attorney's Fees in connection with his representation of Plaintiff, Sharon Lang Williams, who brought an action before this Court seeking judicial review of a final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits. (Doc. 27). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the motion, the Commissioner's lack of opposition thereto (Doc. 28), and all other pertinent portions of the record, it is the recommendation of the

---

[1] As noted in Petitioner's motion, Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Accordingly, pursuant to Fed. R. Civ. P. 25(d), the Clerk is directed to substitute Kilolo Kijakazi in place of Andrew Saul as the proper Defendant in this action.

undersigned that Petitioner's motion be **GRANTED**, that he be permitted to retain the Equal Access to Justice Act attorney fee award of $3,551.45, and that the $1,221.25 attorney fee under 42 U.S.C. § 406(b) be paid to Plaintiff Williams.  (Doc. 27-3 at ¶ 2, 4).

## I. Findings of Fact

Petitioner Byron A. Lassiter, Esq. was hired by Plaintiff to represent her in connection with her claim for a period of disability and disability insurance benefits on August 10, 2016. (Doc. 27 at 1).  The Attorney Fee Agreement between Petitioner and Plaintiff provides, in pertinent part, that Williams will pay an attorney's fee that will be 25% of the combined gross retroactive benefits from Social Security and Supplemental Security Income resulting from a favorable award, and that if additional attorney's fees are awarded under the Equal Access To Justice Act (EAJA), Petitioner would have the option of retaining the higher of any EAJA fee award, or any fee awarded under 42 U.S.C. § 406(b). (Doc. 27-3 at ¶ 2, 4).

On January 29, 2020, this Court granted the Commissioner's unopposed motion to remand pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including evaluation of Plaintiff's mental impairments and opinion evidence. (Docs. 16, 17, 18).  Thereafter, on May 12, 2020, the Court

granted, in part, Plaintiff's motion for attorney's fees under the EAJA" in the amount of $ 3,551.45.  (Docs. 20, 24, 25).

On June 20, 2023, following remand, an Administrative Law Judge rendered a fully favorable decision, finding that Plaintiff has been disabled since December 19, 2015, and that she was entitled to benefits commencing August 2023.  (Doc. 27 at 5; Doc. 27-2 at 1).  Pursuant to Section 206 of the Social Security Act, codified at 42 U.S.C. § 406, Plaintiff's past-due benefits amount was calculated at $33,685.00, and 25% of this amount, or $8,421.25, was withheld for approved attorney's fees. (Doc. 27 at 4; Doc. 27-3 at 2-3).  According to Petitioner, he has received payment of an authorized attorney fee in the amount of $7,200 for representing Plaintiff in administrative proceedings before the Agency.  (Doc. 27 at 4).  In the instant motion, Petitioner requests permission to retain the EAJA attorney fee award of $3,551.45. He also requests that $1,221.25, representing the remainder of the 25% of Plaintiff's past-due benefits, be awarded as attorney's fees for time spent representing Plaintiff before this Court, and that said amount be awarded to Plaintiff.  (Doc. 27 at 4, 6).  Petitioner asserts that because the funds from the EAJA are not derived from the past-due benefits awarded Plaintiff, awarding him the higher amount of $3,551.45 will not result in the Plaintiff paying more than 25% of her past-due benefits for attorney fees.  (Id. at 7).

In response to Petitioner's request, the Commissioner states he has no direct financial stake in the outcome of the case and does not object to the requested fee. (Doc. 28 at 1).

## II. Conclusions of Law

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2412(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded, providing that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In Culbertson v. Berryhill, 139 S. Ct. 517, 202 L.Ed. 2d 469 (2019), the Supreme Court held that the 25 percent cap in § 406(b)(1)(A) applies *only* to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). Id. at 519 ("Because § 406(b) by

4

its terms imposes a 25% cap on fees only for representation before a court, and § 406(a) has separate caps on fees for representation before the agency, . . . the statute does not impose a 25% cap on aggregate fees.").

Separately, under the EAJA, 28 U.S.C. § 2412(d), a court must order the United States to pay fees to a party who prevails against the United States, including in a social-security action, unless the United States' position was substantially justified or special circumstances make an award unjust. Id. § 2412(d)(1)(A). The EAJA contains a Savings Provision that provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." Jackson v. Commissioner of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (quoting 28 U.S.C. 2412 note).

In evaluating an attorney's request for authorization to charge § 406(b) fees based on a contingent-fee arrangement, a court must follow the framework in Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). In Gisbrecht, the Supreme Court endorsed the use of contingent-fee arrangements in social-security actions but cautioned that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court explained, "Courts that approach fee

5

determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." Id. at 808. A downward adjustment "is in order," the Court continued, if the representation was substandard, the attorney was responsible for delay that increased past-due benefits, or the "benefits are large in comparison to the amount of time counsel spent on the case," creating a windfall for the attorney. Id.

In line with Gisbrecht, therefore, this Court starts with the contingency fee agreement and only reduces the amount called for by the agreement upon a determination the amount is unreasonable. The contingency agreement, which Plaintiff and Petitioner entered into on June 12, 2019 (Doc. 24-3, "Fee Agreement"), sets a cap on attorney fees at 25% of the claimant's past-due benefits following a favorable decision. In setting the 25% cap, the contingency fee agreement does not differentiate between time spent before the administrative agency and time spent before this Court. It does however provide that if Williams is awarded additional attorney's fees under the EAJA, her counsel has the option of retaining the higher of any EAJA fee award, or any fee awarded under 42 U.S.C. § 406(b), and remitting the smaller amount to Plaintiff. (Id.). As noted *supra,* Plaintiff's past-due benefits was calculated at $33,685.00,

6

and 25% of this amount, or $8,421.25, was withheld for approved attorney's fees. (Doc. 27 at 4; Doc. 27-3 at 2-3). Petitioner received payment of an authorized attorney fee in the amount of $7,200 for representing Plaintiff in administrative proceedings before the Agency, and now requests that $1,221.25 be awarded for time spent before this Court. Said amount is consistent with the parties' contingent fee agreement which limits attorney's fees to 25% of Plaintiff's past due benefits. Based upon the record before the Court, the undersigned finds that there is no evidence that Petitioner delayed this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to Petitioner. Given the length of Petitioner's relationship with the claimant and the favorable results achieved by Petitioner for the claimant, the Court considers the requested amount reasonable and finds that the requested fee under § 406(b) is due to be **granted**.

Mindful of the EAJA Savings Provision requiring that an attorney who receives fees for the same work under both 406(b) and the EAJA must refund to the claimant the amount of the smaller fee, Jackson, 601 F.3d at 1271, counsel in this case has requested that he be allowed to keep the greater award received under the EAJA ($3,551.45) and that the lesser amount ($1,221.25) under §406(b) be paid to Plaintiff. Given that the contingency fee agreement executed by the parties provided for this scenario, and expressly

7

provides that in instances where EAJA fees are awarded in addition to attorney fees from past-due benefits, Petitioner has the option of electing the EAJA fee and having the §406(b) fee paid to Plaintiff. Accordingly, the undersigned finds that $1,221.25 should be awarded in attorney's fees under § 406(b), that said amount should be paid to Plaintiff, and that Petitioner should be permitted to retain the attorney's fees previously awarded under the EAJA in the amount of $3,551.45.

### III. Conclusion

Based on the foregoing, it is the recommendation of the undersigned that Petitioner's motion be **GRANTED**, that $1,221.25 be awarded in attorney's fees under § 406(b), that said amount should be paid to Plaintiff, and that Petitioner Byron A. Lassiter, Esq., be permitted to retain the attorney's fees previously awarded under the EAJA in the amount of $3,551.45.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **August, 2023.**

                          **/s/ SONJA F. BIVINS**
                    **UNITED STATES MAGISTRATE JUDGE**